IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Respondent,<br><br>  vs.<br><br>ANTHONY L. NAVARRO,<br><br>    Movant.<br>_____/ | No. CR S-94-0390-LKK-CMK<br>CIV S-04-2563-LKK-CMK<br><br><br>FINDINGS AND RECOMMENDATIONS |

        Movant, a federal prisoner proceeding pro se, has filed a motion pursuant to 28 U.S.C. § 2255. Pending before the court is respondent's motion to dismiss.

        Initially, the court addresses whether this action properly proceeds under 28 U.S.C. § 2255 or 28 U.S.C. § 2241. As respondent correctly observes, the operative pleading in this case does not appear to challenge the legality of the underlying conviction and/or sentence. Rather, movant is challenging the manner in which his sentence is being carried out by the Bureau of Prisons. As such, this case would properly proceed under § 2241.[1]

        Turning to respondent's motion to dismiss, respondent is correct that this court

---

[1] The court notes that, on April 7, 2005, movant filed a document indicating that he intended this action to proceed under § 2241, but that the only form available to him at the time he filed this case was a form pursuant to § 2255. Thus, movant agrees with the characterization of this action as a § 2241 case.

1

lacks jurisdiction under § 2255 because the instant action does not challenge the legality of the underlying conviction and/or sentence. See Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1980). As such, dismissal of this action as a § 2255 is appropriate.

Respondent also argues that, to the extent the instant case is a § 2241 action, the court lacks jurisdiction because the proper respondent is not named. In particular, the official having custody over the petitioner (typically the warden of the institution where the petitioner is confined) is the correct respondent. See Rumsfeld v. Padilla, 124 S.Ct. 2711, 2717-18 (2004). In this case, movant has not named the warden of his prison and, therefore, the court lacks jurisdiction to consider the case under § 2241. See Johnson v. Reilly, 349 F.3d 1149, 1153 (9th Cir. 2003). Thus, dismissal is appropriate. However, because movant can cure this defect by naming the correct respondent, this dismissal should be without prejudice to movant filing as a new action a petition pursuant to § 2241 which names the correct respondent.[2]

The court notes that respondent also argues that, to the extent this case is a § 2241 case, it should be denied on the merits. The court declines to entertain this argument at this time. First, because respondent asks the court to examine extrinsic evidence, respondent's argument is not proper in the context of a motion to dismiss. Second, it appears that the issue raised in this case is currently being considered by the Ninth Circuit Court of Appeals in Mujahid v. Daniels, 03-36038.[3]

///

///

---

[2] Any new action filed must be accompanied by the statutory filing fee or a completed motion for leave to proceed in forma pauperis.

[3] Respondent mentions this case in its motion to dismiss to suggest that the District of Oregon has rejected the same argument advanced by movant in this case. The court notes, however, that, according to movant's motion for a stay of proceedings, filed on May 9, 2005, this case is on appeal to the Ninth Circuit.

Based on the foregoing, the undersigned recommends that:

    1.    Respondent's motion to dismiss be granted;

    2.    Movant's motion pursuant to 28 U.S.C. § 2255 be dismissed, without prejudice; and

    3.    The Clerk of the Court be directed to close companion civil case no. CIV S-04-2563-LKK-CMK.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:   December 9, 2005.

                                                            **CRAIG M. KELLISON**
                                                             UNITED STATES MAGISTRATE JUDGE