IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR S-94-0390-LKK-CMK |
| Respondent, | CIV S-04-2563-LKK-CMK |
| vs. | FINDINGS AND RECOMMENDATIONS |
| ANTHONY L. NAVARRO, | |
| Movant. | |
| _____/ | |

Movant, a federal prisoner proceeding pro se, has filed this motion pursuant to 28 U.S.C. § 2255. On December 12, 2005, the court issued findings and recommendations granting respondent's motion to dismiss. Specifically, the court found that, because movant challenges the manner in which his sentences is being executed, as opposed to the legality of the underlying conviction and/or sentence, the matter should have been filed pursuant to 28 U.S.C. § 2241. On January 31, 2006, the findings and recommendations were adopted with one modification. Rather than dismissal without prejudice and with leave to file a new § 2241 action, the court dismissed with leave to amend the instant action to conform to § 2241. Movant was directed to file an amended pleading within 30 days. To date, movant has failed to comply. The docket reflects that both the December 12, 2005, findings and recommendations and January 31, 2006, order were returned as undeliverable.

The court must weigh five factors before imposing the harsh sanction of

dismissal.  See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987).  Those factors are:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  See id.; see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor. See Malone, 833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is appropriate where there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).  Dismissal has also been held to be an appropriate sanction for failure to comply with an order to file an amended complaint, see Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992), and failure to inform the district court and parties of a change of address pursuant to local rules.  See Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (per curiam).

Having considered these factors, and in light of movant's failure to file an amended pleading as directed by the court and movant's failure to keep the court apprised of his current address, the court finds that dismissal of this action is appropriate.

Based on the foregoing, the undersigned recommends that:

1. This action be dismissed, without prejudice, for lack of prosecution and failure to comply with court rules and orders; and

2. The Clerk of the Court is directed to enter judgment and close companion civil case no. CIV S-04-2563-LKK-CMK.

/ / /

/ / /

/ / /

/ / /

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:   November 30, 2006.

*[signature]*
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE